UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-60745-CIV-MARRA/JOHNSON

LEONARD AARON HILL,

      Plaintiff,

v.

GAYLORD ENTERTAINMENT,
NEWMARKET CAPITAL GROUP, LLC,
TWENTIETH CENTURY FOX
HOME ENTERTAINMENT, OKLAHOMA
PUBLISHING COMPANY, FLOWER
FILMS, DARKO ENTERTAINMENT,
and ADAM FIELDS PRODUCTIONS,

      Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant Newmarket Entertainment Group, LLC's

Motion to Dismiss (DE 64), Defendant Twentieth Century Fox Home Entertainment, Inc.'s

Motion to Dismiss (DE 63), Defendant Oklahoma Publishing Company's Motion to Dismiss (DE

42), and Defendant Adam Fields Productions' Motion to Dismiss (DE 65).  The motions are now

fully briefed and are ripe for review.  The Court has carefully considered the motions and is fully

advised in the premises

## Background

On October 26, with leave of this Court, Plaintiff Leonard Aaron Hill ("Plaintiff") filed

his Amended Complaint ("Complaint"), alleging copyright infringement under the Copyright

Act, 17 U.S.C. §§ 106, 501.  The facts, as alleged in the Complaint, are as follows: Plaintiff

applied for a copyright for his unpublished manuscript entitled "Tiny Little Virus: HIV, Death, Resurrection, and the Second Coming" in 1998; the copyright was registered on October 26, 1998.[1]  In 2005, Plaintiff viewed the movie *Donnie Darko* and "knew immediately that it was based on [his] manuscript." (Compl. 2.)  Plaintiff alleges that he researched the making of *Donnie Darko*, including who wrote, produced, and financed the film.  (Compl. 2.)

Plaintiff concluded that all of the parties to this lawsuit had infringed on his copyright, and Plaintiff sent them letters with the hope of settling the case.  (Compl. 2.)  The parties refused. (Compl. 2.)

Plaintiff seeks $10 million in damages because he considers himself "to be the fourth party in the creation of this film" and the film earned approximately $40 million total.  (Compl. 3.)  Plaintiff further seeks production rights to the film so that he can create a sequel and all future revenues from any sales, rental, or merchandising contracts.  (Compl. 3.)

*Motions to Dismiss*[2]

Newmarket Capital Group, LLC and Twentieth Century Fox Home Entertainment

Defendants Newmarket Capital Group, LLC ("Newmarket") and Twentieth Century Fox Home Entertainment ("Fox") move this Court to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted.  These Defendants argue that Plaintiff has made no allegations of any infringing activity.  Newmarket and Fox agree that Plaintiff has alleged that both works express similar

---

[1]Reg. TXu 883595.

[2]Defendant Gaylord Entertainment filed an Answer to Plaintiff's Amended Complaint on November 5, 2007.  (DE 60.)  Defendants Flower Films and Darko Entertainment have not yet been served.

ideas but that Plaintiff has not alleged any copying of Plaintiff's written expression or any other infringing activity.  As such, Newmarket and Fox ask this Court to dismiss Plaintiff's Complaint.

### Oklahoma Publishing Company

Defendant Oklahoma Publishing Company ("Oklahoma") argues that Plaintiff's Complaint should be dismissed on two grounds.  Oklahoma contends that the case should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure because Plaintiff has not alleged any facts that this Court has personal jurisdiction over Oklahoma.  Like Newmarket and Fox, Oklahoma also argues that Plaintiff has not alleged any copying of his protected expression, so the Complaint should also be dismissed pursuant to Rule 12(b)(6) of the Federal Rules.

### Adam Fields Productions

Defendant Adam Fields Productions ("Adam Fields") moves this Court to dismiss the claims against it based only on Rule 12(b)(2).  Like Oklahoma, Adam Fields argues that Plaintiff has alleged no facts that would give this Court personal jurisdiction over Adam Fields.  As such, Adam Fields argues that the claim should be dismissed.

### **Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v.*

*King & Spalding*, 467 U.S. 69, 73 (1984).

Plaintiff also bears the burden of establishing a prima facie case of personal jurisdiction

over a nonresident defendant.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  A prima

facie case is established if the plaintiff presents enough evidence to withstand a motion for a

directed verdict.  The Court must accept the facts alleged in the complaint as true, to the extent

that they are uncontroverted by the defendant's affidavits.  Where the complaint conflicts with

the affidavits, the Court must construe all reasonable inferences in favor of the plaintiff.  *Id.*

The Supreme Court has established that a court should afford a *pro se* litigant wide

leeway in pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding

allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by

lawyers).  However, this leniency does not give the court license to rewrite an otherwise deficient

pleading in order to sustain an action.  *GJR Investments, Inc., v. County of Escambia*, 132 F.3d

1359, 1369 (11th Cir. 1998).  *Pro se* litigants are required to meet certain essential burdens in

their pleadings.  *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

**Discussion**

*Motions to Dismiss Pursuant to Rule 12(b)(2)*

Oklahoma and Adam Fields both move to dismiss, arguing that Plaintiff has not alleged

sufficient facts giving this Court personal jurisdiction over either of those Defendants.[3]  The

determination of personal jurisdiction over a nonresident defendant requires a two-part analysis.

When jurisdiction is based on a federal question under a statute that is silent regarding service of

process,[4] Rule 4(e) of the Federal Rules of Civil Procedure requires that assertion of jurisdiction

be determined by the state long-arm statute.  *See Cable/Home Communication Corp. v. Network*

*Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).  If there is a basis for the assertion of

personal jurisdiction under the state long-arm statute, the Court must next determine whether: (1)

sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth

Amendment and (2) maintenance of the suit does not offend "traditional notions of fair play and

substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Only if

both prongs of the Due Process analysis are satisfied may this Court exercise personal

jurisdiction over a nonresident defendant.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256

(11th Cir. 1996) (citing *Madara*, 916 F.2d at 1514); *see also International Shoe*, 326 U.S. at 316.

Turning to Oklahoma and Adam Fields' argument that there is no basis for personal

jurisdiction over either of those Defendants, the Court notes that Plaintiff has pled no facts to

---

[3]Adam Fields has submitted an affidavit along with its motion, which Plaintiff has not
rebutted, attesting to its lack of contacts with the State of Florida.  Oklahoma did not submit an
affidavit in support of its motion, but merely asserted that it is a Delaware corporation with its
principal place of business in Oklahoma.  (DE 42 at 2, 3.)  In his reply, Plaintiff does not refute
Oklahoma's assertion regarding its citizenship.  Moreover, an Internet search of the records of
the State of Delaware indicates that Oklahoma is incorporated in that state.  *See* State of
Delaware, Department of State, Division of Corporations Online Services,
https://sos-res.state.de.us/tin/GINameSearch.jsp.

[4]While subject matter jurisdiction exists in this Court for cases brought under the
Copyright Act, the Act does not specify how process should be served.  *Cable/Home
Communication Corp. V. Network Prod., Inc.*, 902 F.2d 829, 856 (11th Cir. 1990); 28 U.S.C. §
1338..

suggest that this Court has jurisdiction under Florida's long-arm statute.  In fact, Plaintiff has not alleged any facts suggesting any Defendant has any connection with Florida whatsoever.  The only apparent connection between the Defendants, the events in question, and Florida appears to be the fact that Plaintiff lives within the state.

In response to the Motion to Dismiss, Plaintiff argues that personal jurisdiction exists because *Donnie Darko* has been broadcast on cable and satellite television within the state of Florida.  (Pl. Resp. Oklahoma 2.)  Plaintiff, however, did not allege this fact in the Complaint. Even if he had alleged this fact in the Complaint, it is not clear which prong of Florida's long-arm statute this allegation would satisfy.  Without factual assertions bringing his claim against these Defendants within one of the prongs of Florida's long-arm statute, Fla. Stat. § 48.193, Plaintiff cannot establish a prima facie case of personal jurisdiction.  The fact that "Plaintiff is ignorant of the law and has no concept of 'jurisdiction'" does not relieve Plaintiff of his burden of demonstrating that this Court has proper jurisdiction over these Defendants.  As such, Defendants Oklahoma and Adam Fields' Motions to Dismiss pursuant to Rule 12(b)(2) must be granted.

*Motions to Dismiss Pursuant to Rule 12(b)(6)*

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106 and 501, a plaintiff must demonstrate 1.) ownership of a valid copyright and 2.) copying by defendant of elements of the work that are original.  *See Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007); 4 *Nimmer on Copyright* § 13.01 (2007).  A certificate of registration made before or within five years of the first publication of a particular work is prima facie evidence of ownership and validity of a particular copyright.  17 U.S.C. 410(c).  Plaintiff

has alleged ownership of a valid copyright in his work, "Tiny Little Virus: HIV, Death, Resurrection, and the Second Coming."  Therefore, the first element has been met in this case.

The second element, copying original elements of a plaintiff's work, is more complex. Proof of "copying" alone is insufficient; "copyright protection may extend only to those components of a work that are original to the author."  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348 (1991).  To prevail on this element, a plaintiff must show both copying and that the specific material copied was the author's original "expression." *Id*.  The facts or ideas contained within the plaintiff's work, however, are not afforded any protection – one cannot claim originality as to facts.  *Id*. at 347; *see also Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir. 1976) ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself.") The copying must also be "substantial."  *Kustoff v. Chaplin*, 120 F.2d 551, 560 (9th Cir. 1941).

Copying need not be proved by direct evidence.  Instead, a plaintiff can simply show that 1.) defendant had access to the copyrighted material and 2.) that there is "substantial similarity" between the two works.  *Corwin*, 475 F.3d at 1253.  Proof of access is satisfied by showing that defendant had a "reasonable opportunity" to view the work in question.  *Id*.

In this case, Plaintiff has not alleged any copying by any of the Defendants.  Instead, Plaintiff only indicates a strong similarity between the plot of his written work and the plot of the movie *Donnie Darko*.  The Complaint does state that Plaintiff sent his work to "publishers and literary agents for possible publication," but Plaintiff does not allege any other facts suggesting that Newmarket, Fox, or Oklahoma would have had access to Plaintiff's manuscript.  Without

7

additional facts suggesting that those Defendants had both the ability to read Plaintiff's
manuscript as well as a definable "reasonable opportunity" to view the unpublished manuscript,
Plaintiff has not properly alleged copying.

In addition, Plaintiff has not alleged that any of his "expression" has been copied.
Plaintiff says that the movie was "based upon" his manuscript.  For instance, Plaintiff states in
his response to Fox's motion to dismiss that "Plaintiff can explain 'Donnie Darko' and 'Donnie
Darko The Directors Cut' from the very first scene to the very last scene because they are
Plaintiff's memories."  (Pl. Resp. Fox 2.)  Basing one's creative idea on someone else's creative
idea is not a basis for liability under the Copyright Act.  Nevertheless, copyright protection
extends beyond word-for-word copying of a protected text.  *See Sid & Marty Krofft Television
Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1167 (9th Cir. 1977) ("Duplication or
near identity is not necessary to establish infringement.").

The line between expression and idea when nonliteral copying is alleged is difficult to
draw.  In an oft quoted passage, Judge Learned Hand explained the line courts must draw as
follows:

> Upon any work . . . a great number of patters of increasing generality will
> fit equally well, as more and more of the incident is left out.  The last may
> perhaps be no more than the most general statement of what the [work] is
> about, and at times might consist only of its title; but there is a point in this
> series of abstractions where they are no longer protected, since otherwise
> the [author] could prevent the use of his 'ideas,' to which, apart from their
> expression, his property is never extended.  *Nichols v. Universal Pictures
> Corp.*, 45 F.2d 119, 121 (2d Cir. 1930).

Courts have generally struggled to draw this line.  *See* 4 Nimmer on Copyright § 13.03[1] (2007).

However, it is clear that the Court must be able to distinguish the reproduction of ideas, which

8

cannot be protected, from the reproduction of expression, which can be protected under the Copyright Act.

Here, Plaintiff has only alleged that the two works are similar.  Plaintiff has not alleged which aspects of the works are similar.  Since the Plaintiff has not alleged how the works are similar, the Court cannot conclude that Plaintiff has asserted a valid cause of action.  To withstand a motion to dismiss, Plaintiff would have to allege specifically what aspects of the movie *Donnie Darko* encompass his particular expression.  As the Complaint reads at present, the Court can only conclude that Plaintiff seeks protection for the ideas in his manuscript, and not for Plaintiff's original expression.

Accordingly, because Plaintiff's Complaint does not contain any factual allegations of "copying" of original expression nor any allegations that the copying was "substantial," the Court must grant the motions to dismiss under Rule 12(b)(6).

## Conclusion

It is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendants Newmarket Capital Group, LLC and Twentieth Century Fox's Motions to Dismiss (DE 63, 64) under Rule 12(b)(6) are **GRANTED.**  The Complaint is **DISMISSED WITHOUT PREJUDICE** as to these Defendants.

2.  Defendant Oklahoma Publishing Company's Motion to Dismiss (DE 42) under Rules 12(b)(2) and 12(b)(6) is **GRANTED**.  The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Oklahoma Publishing Company.

3.  Defendant Adam Fields Productions' Motion to Dismiss (DE 65) under Rule 12(b)(2) is **GRANTED**.  The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Adam Fields

Productions.

4.  Plaintiff shall have twenty (20) days from the date of this Order to amend the Complaint.

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of January, 2008.

                                                    _____

                                                  KENNETH A. MARRA
                                                  United States District Judge

Copies furnished to:
Leonard Aaron Hill, *pro se*
All counsel of record