UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-60745-CIV-MARRA/JOHNSON

LEONARD AARON HILL,

    Plaintiff,

v.

GAYLORD ENTERTAINMENT,

    Defendant.
_____/

## **OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant Gaylord Entertainment's Motion for Judgment on the Pleadings (DE 79). To date, Plaintiff has not responded to the motion or to the Court's Order to Show Cause Why Defendant's Motion Should Not Be Granted (DE 81). The motion is now ripe for review. The Court has carefully considered the motion and is fully advised in the premises

### **Background**

On October 26, with leave of this Court, Plaintiff Leonard Aaron Hill ("Plaintiff") filed his Amended Complaint ("Complaint"), alleging copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, 501. The facts, as alleged in the Complaint, are as follows: Plaintiff applied for a copyright for his unpublished manuscript entitled "Tiny Little Virus: HIV, Death, Resurrection, and the Second Coming" in 1998; the copyright was registered on October 26, 1998.[1] In 2005, Plaintiff viewed the movie *Donnie Darko* and "knew immediately that it was

---

[1] Reg. TXu 883595.

based on [his] manuscript." (Compl. 2.)  Plaintiff alleges that he researched the making of *Donnie Darko*, including who wrote, produced, and financed the film.  (Compl. 2.)

Plaintiff concluded that all of the parties to this lawsuit had infringed on his copyright, and Plaintiff sent them letters with the hope of settling the case.  (Compl. 2.)  The parties refused. (Compl. 2.)

Plaintiff seeks $10 million in damages because he considers himself "to be the fourth party in the creation of this film" and the film earned approximately $40 million total.  (Compl. 3.)  Plaintiff further seeks production rights to the film so that he can create a sequel and all future revenues from any sales, rental, or merchandising contracts.  (Compl. 3.)

### Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Rule 12(c) of the Federal Rules of Civil Procedure allows a court to enter judgment on the pleadings after the pleadings are closed[2] "when there are no material facts in dispute, and

---

[2]Pleadings are considered "closed" when all defendants have filed answers to the complaint.  *See, e.g., Signature Combs, Inc. v. U.S.*, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn 2003).  Here, Plaintiff filed his Amended Complaint (DE 59) on October 23, 2007, and

judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). The Court must accept all of the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The complaint can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996).

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## Discussion

To state a claim for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106 and 501, a plaintiff must demonstrate 1.) ownership of a valid copyright and 2.) copying by defendant of elements of the work that are original. *See Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007); 4 *Nimmer on Copyright* § 13.01 (2007). A certificate of

---

Defendant filed its Answer (DE 60) on November 5, 2007. The Court granted Plaintiff leave to amend his Amended Complaint on January 9, 2008 in the Order dismissing Defendants Newmarket Capital Group, LLC, Twentieth Century Fox, Oklahoma Publishing Company, and Adam Fields Productions from the case (DE 77). However, Plaintiff elected not to amend his complaint. Thus, the pleadings are "closed" for purposes of Fed. R. Civ. P. 12(c).

registration made before or within five years of the first publication of a particular work is prima facie evidence of ownership and validity of a particular copyright.  17 U.S.C. 410(c).  Plaintiff has alleged ownership of a valid copyright in his work, "Tiny Little Virus: HIV, Death, Resurrection, and the Second Coming."  Therefore, the first element has been met in this case.

The second element, copying original elements of a plaintiff's work, is more complex.  Proof of "copying" alone is insufficient; "copyright protection may extend only to those components of a work that are original to the author."  *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348 (1991).  To prevail on this element, a plaintiff must show both copying and that the specific material copied was the author's original "expression."  *Id*.  The facts or ideas contained within the plaintiff's work, however, are not afforded any protection – one cannot claim originality as to facts.  *Id*. at 347; *see also Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir. 1976) ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself.")  The copying must also be "substantial."  *Kustoff v. Chaplin*, 120 F.2d 551, 560 (9th Cir. 1941).

Copying need not be proved by direct evidence.  Instead, a plaintiff can simply show that 1.) defendant had access to the copyrighted material and 2.) that there is "substantial similarity" between the two works.  *Corwin*, 475 F.3d at 1253.  Proof of access is satisfied by showing that defendant had a "reasonable opportunity" to view the work in question.  *Id*.

In this case, Plaintiff has not alleged any copying by Defendant.  Instead, Plaintiff only indicates a strong similarity between the plot of his written work and the plot of the movie *Donnie Darko*.  The Complaint does state that Plaintiff sent his work to "publishers and literary

agents for possible publication," but Plaintiff does not allege any other facts suggesting that Defendant would have had access to Plaintiff's manuscript. Without additional facts suggesting that Defendant had a "reasonable opportunity" to view the unpublished manuscript, Plaintiff has not properly alleged copying.

In addition, Plaintiff has not alleged that any of his "expression" has been copied. Plaintiff says that the movie was "based upon" his manuscript. Basing one's creative idea on someone else's creative idea is not a basis for liability under the Copyright Act. Nevertheless, copyright protection extends beyond word-for-word copying of a protected text. *See Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1167 (9th Cir. 1977) ("Duplication or near identity is not necessary to establish infringement.").

The line between expression and idea when nonliteral copying is alleged is difficult to draw. In an oft quoted passage, Judge Learned Hand explained the line courts must draw as follows:

> Upon any work . . . a great number of patters of increasing generality will fit equally well, as more and more of the incident is left out. The last may perhaps be no more than the most general statement of what the [work] is about, and at times might consist only of its title; but there is a point in this series of abstractions where they are no longer protected, since otherwise the [author] could prevent the use of his 'ideas,' to which, apart from their expression, his property is never extended. *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930).

Courts have generally struggled to draw this line. *See* 4 Nimmer on Copyright § 13.03[1] (2007). However, it is clear that the Court must be able to distinguish the reproduction of ideas, which cannot be protected, from the reproduction of expression, which can be protected under the Copyright Act.

5

Here, Plaintiff has only alleged that the two works are similar.  Plaintiff has not alleged which aspects of the works are similar.  Thus, the Court cannot determine whether Plaintiff's protected expression was copied nor whether the copying was "substantial."  Without these factual allegations, the Court concludes that Plaintiff has not asserted a valid cause of action for copyright infringement.  To withstand a motion for judgment on the pleadings, Plaintiff would have had to allege specifically what aspects of the movie *Donnie Darko* encompass his particular expression, that Defendant had access to Plaintiff's copyrighted work, and that what Defendant copied was "substantial."  Based on the Complaint, the Court can only conclude that Plaintiff seeks protection for the ideas in his manuscript, and not for Plaintiff's original expression.

Accordingly, because Plaintiff's Complaint does not contain any factual allegations of "copying" of original expression nor any allegations that the copying was "substantial," the Court must grant the motion for judgment on the pleadings.

## Conclusion

It is hereby **ORDERED AND ADJUDGED** that Defendant Gaylord Entertainment's Motion for Judgment on the Pleadings (DE 79) is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of March, 2008..

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Leonard Aaron Hill, *pro se*
All counsel of record